UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| FRANK INMAN, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | )  Civil No. 15-81-B-JAW |
| | ) |
| PAUL CUMMING, et al. | ) |
| | ) |
| Defendants | ) |

MOTION TO DISMISS

Plaintiff is a prisoner bringing a federal civil rights lawsuit against defendant Cumming, who he identifies as a sergeant, and a John Doe correctional officer,[1] alleging that in August of last year, after the plaintiff called for help because of a panic attack that made him "unable to stand," both the officer and the sergeant ordered him to stand by the door to talk and then the sergeant ordered the plaintiff to stand up and walk out of his cell with them (the sergeant and the officer).  The plaintiff also alleges that defendant Cumming told him that he "was lying and faking the whole thing" and that he "was only looking for attention."  Finally, he alleges that the defendant called for a nurse and said that once she proved that he (the sergeant) was right, he would be "burying" the plaintiff in segregation for as long as possible.  As relief, the plaintiff asks for "money damages."  The defendant is now asking that the court dismiss this case for failure of the plaintiff to state a claim upon which relief may be granted.

Even if what the plaintiff alleges is true, the statements allegedly made by the defendant could not plausibly be construed as a violation of the plaintiff's rights.  While the plaintiff claims

---

[1] Since this defendant has not been named, let alone served, he is not being represented by undersigned counsel.  Nevertheless, it would appear that, for the same reasons as set out above with respect to named defendant Cumming, the claim against "John Doe" should be dismissed as well.

to have "known mental health problems," and he alleges that he was having a panic attack because of having been housed for the prior two and a half months in a restrictive housing area, he does not allege that defendant Cumming had placed him in that housing area or that the defendant himself had any knowledge of the plaintiff's having mental health problems in general or any knowledge that he was having a panic attack at that time.  Indeed, the alleged statement by the defendant about the plaintiff's lying, faking, and seeking attention indicates, if anything, that the defendant did not have any such knowledge and was not seeking to cause the prisoner harm by ordering him to stand up to talk and walk out of the cell.

Further, the statements alleged would not violate the prisoner's rights even if they were made with general or even specific knowledge of the plaintiff's anxiety (panic) issue.  Notably, the plaintiff does not allege that he was actually placed in segregation by the defendant.  Indeed, his allegation that this threat of segregation was premised on the sergeant's assumption that the nurse would prove him right about the prisoner lying, followed by the allegation that the nurse actually proved the sergeant wrong, indicate, if anything, that the sergeant did not put him into segregation.

It has routinely been held that far worse statements made by a correctional official to a prisoner than the ones alleged here do not violate the prisoner's constitutional rights.  This is because it is the general rule that harassment, even when there are threats involved, and even when the official is trying to cause harm to the inmate, is not actionable.  *See, e.g., Dobbey v. Illinois Dept. of Corrections,* 574 F.3d 443, 445 (7th Cir. 2009) (white officers hanging a noose in the sight of black prisoners not cruel and unusual punishment); *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (allegation that officer who, knowing that prisoner suffered from hypertension, was trying to cause him to suffer a heart attack, stroke, or nervous breakdown

by numerous acts of intentional harassment not the type of infliction of pain that the Eighth Amendment prohibits); *Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir.2002) (addressing allegations that the inmate was verbally abused, was once forced to beg for a meal (which he eventually received), and forced to work beyond the medical limitations set for him, causing him to have dangerously elevated blood pressure, and concluding that such a claim was not actionable under 42 U.S.C. § 1983); *McBride v. Deer*, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001) (threat to spray inmate with mace does not violate the Eighth Amendment); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) ("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws."); *Barney v. Pulsipher*, 143 F.3d 1299, 1311 (10th Cir. 1998) (addressing allegations that officer subjected inmates to severe verbal sexual harassment and intimidation, stating that "these acts of verbal harassment alone are not sufficient to state a claim under the Eighth Amendment"); *Babcock v. White,* 102 F.3d 267, 272 (7th Cir. 1996) (it is an actual assault, not the fear of assault, that gives rise to a compensable Eighth Amendment claim); *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) (observing that there was no viable claim predicated on prison guards' "disrespectful and assaultive comments" that were not "unusually gross even for a prison setting" with no evidence that they were "calculated to and did cause him psychological damage," just that they denied the prisoner "peace of mind"); *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (plaintiff's claim sheriff laughed at him and threatened to hang him not sufficient).

     Finally, the Prison Litigation Reform Act provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42

3

U.S.C. § 1997e(e).  The plaintiff does not, as he could not, allege that he suffered any physical injury.  Therefore, even were there to have been a constitutional violation here (which, according to the cases noted above, there was not), the plaintiff could not recover damages.

      For all the above stated reasons, the defendant asks that this case be dismissed.

Dated:  May 18, 2015
/s/ Diane Sleek
DIANE SLEEK, AAG
Office of Attorney General
Six State House Station
Augusta, ME 04333-0006
Tel. (207) 626-8800

CERTIFICATE OF SERVICE

I hereby certify that, on this date, I caused one copy of this filing to be served upon Frank Inman, Maine Correctional Center, 17 Mallison Falls Rd., Windham, ME 04062, by having the same deposited in the United States Mail, postage prepaid.

Dated:  May 18, 2015
/s/ Diane E. Sleek
DIANE E. SLEEK, AAG